IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,531-01






EX PARTE LACARLTON DEWAYNE MITCHELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 44534-C-1 IN THE 89TH JUDICIAL DISTRICT COURT


FROM WICHITA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Second Court of Appeals affirmed his
conviction. Mitchell v. State, No. 02-07-196-CR (Tex. App. - Fort Worth, October 23, 2008, pet.
ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance for a number of
reasons. The habeas record contains no affidavit from counsel, no answer from the State, and no
findings of fact from the trial court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. Specifically, counsel should state whether he considered objecting
to or challenging the venire as not being a fair cross-section of the community. He should also state
whether he noted any defects in the jury charge or the verdict form. Counsel should state whether
he considered exercising a strike or peremptory challenge on venire member Elizabeth Battista based
on her concern about her employment situation. Counsel should state whether he considered calling
Applicant's girlfriend, Maricia Blair to offer an alibi defense, and if he did not do so, why not. 
Counsel should state whether he believed that the prosecutor improperly shifted the burden of proof
to the defense during closing arguments, and whether the prosecutor argued for sentencing based on
extraneous offenses rather than the offense for which Applicant was on trial. If so, counsel should
state whether objections were made, and if not, why not. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the trial transcript and
the jury charge and verdict forms. The trial court shall then make findings of fact as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 29, 2010

Do not publish